## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

JAMES H. LARSON                                                                    PLAINTIFF

v.                                                        CIVIL ACTION NO. 3:13CV-418-H

STEVEN L. BESHEAR *et al.*                                                       DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff James H. Larson filed this action on a Court-approved general complaint form.

He also filed an application to proceed without prepayment of fees (DN 3), which is

**GRANTED**.  This matter is now before the Court on preliminary review of the complaint

pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

For the reasons that follow, the instant action will be dismissed.

The complaint lists four Defendants in the case caption:  Steven L. Beshear, Rodney

Brewer, Michael T. Kidd, and Timothy Mullins.  As grounds for filing this case in federal court,

Plaintiff states, "Ex Post Facto Laws, Article I, Section 10, Clause 1, of the U.S. Constitution."

As his prayer for relief, Plaintiff states that he requests the Court to "[m]ake those responsible

abide by the law that govern my case and remove me from the sex offender registry after

completion of the time ten years required time."  However, Plaintiff does not include a statement

of the claim or any other factual allegations in support of his complaint.

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant

action.  28 U.S.C. § 1915(e); *McGore*, 114 F.3d at 608-09.  Upon review, this Court must

dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  This Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, the duty "does not require us to conjure up unpled allegations."  *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979).

While the Court is aware of its duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for [his] claims."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).  To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which he complains.  *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976).  Plaintiff has not alleged any facts concerning any of the named Defendants or stated how any of the Defendants are responsible for the alleged harm.

Likewise, Plaintiff has stated no factual basis for his claim that Defendants have violated the Ex Post Facto Clause.  The Court notes that the Court of Appeals for the Sixth Circuit has held that the federal sex offender registration statute, the Sex Offender Registration and Notification Act, 42 U.S.C. § 16901, does not violate the Ex Post Facto Clause since the statute does not increase the punishment for the past conviction but provides for a conviction for failing to register.  *See United States v. Felts*, 674 F.3d 599, 606 (6th Cir. 2012).  For these reasons, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court will enter an Order dismissing the action consistent with this Memorandum Opinion and Order.

Date:

cc:      Plaintiff, *pro se*
4412.010